GELVIN, EXECUTOR OF ESTATE OF NOELKER, DECEASED *v.* ROBINSON.

[No. 18,638. Filed June 10, 1955.]

*Wycoff & Greeman,* of Batesville, for appellant.

*Michael F. Bohland* and *Andrew W. Kops,* of Batesville, for appellee.

ROYSE, J.—Appellee filed her claim for services rendered decedent from September 14, 1947 to February 28, 1953. Her claim averred services included nursing care, carrying coal, building fires, caring for decedent's chickens, and running errands, etc. Appellant filed answer of payment. Trial to the court. Finding and judgment for $3500.00 in favor of appellee.

The error assigned here is the overruling of appellant's motion for a new trial. The only specification of that motion relied on by appellant in his argument is that the decision is not sustained by sufficient evidence.

Considering as we must only the evidence most favorable to appellee, in our opinion it shows that during the aforementioned period appellee built the fires in decedent's home, carried coal, carried out ashes, carried both well and rain water daily, cleaned

the house of decedent, made the beds, visited with him in the evenings, made daily trips to the post office, procured money orders for decedent, and other similar services. Decedent told relatives and friends that appellee was indispensable and that he would take care of her in his will. There was evidence that the value of these services was $25 per week. Appellee was not a relative of decedent or a member of his household. In addition to the above mentioned services she furnished decedent with fourteen meals per week for which the evidence indicates he paid her $3.00 per week. She prepared these meals in her home and took them to decedent's home. He admitted to friends this was a meagre payment for his food. It is to be noted appellee made no claim for furnishing meals to decedent.

Appellant contends that because appellee was paid for providing meals for decedent she cannot recover on her claim herein unless the evidence discloses an express contract between her and decedent for payment. There would be merit to this contention if the services for which appellee here seeks compensation were of a like nature to those for which she was paid. However, in our opinion, the services for which appellee sought payment in this action are of an entirely different and distinct kind of service than the providing of decedent's meals. From the record herein it may be reasonably inferred decedent recognized this when he boasted to his friends and relatives of the small amount he paid for his meals.

We believe there was sufficient evidence to sustain the decision of the trial court. Therefore, the judgment must be affirmed.

NOTE.—Reported in 127 N. E. 2d 139.